UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HECTOR MEZA, JR.,

    Petitioner,

v.                                        Case No: 8:16-cv-737-T-30AEP
                                          Crim. No: 8:11-cr-441-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Hector Meza Jr.'s Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (CV Doc. 1) filed on March 15, 2016. Upon review of the motion and Petitioner's response to the Court's order to show cause, the Court concludes that Petitioner's motion should be dismissed as time-barred.

## BACKGROUND

Petitioner pleaded guilty pursuant to a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). (CR Docs. 23-27). On March 20, 2012, the Court sentenced Petitioner to 188 months' imprisonment followed by 60 months' supervised release. (CR Doc. 30). Petitioner did not file a direct appeal. Therefore, his judgment of conviction became final under § 2255(f)(1) on April 4, 2012, when the time for filing a direct appeal expired. *See Murphy v. United States*, 634 F.3d

1303, 1307 (11th Cir. 2011) (stating that "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed R. App. P. 4(b)(1)(A)(i) (allowing a criminal defendant fourteen days after the entry of either the judgment or the order being appealed to file a notice of appeal).

Petitioner filed the present motion on March 15, 2016, almost four years after his judgment of conviction became final. (CV Doc. 1). Petitioner raised three grounds for relief, including that (1) he was improperly sentenced under the Armed Career Criminal Act ("ACCA"), § 924(e), under the 2013 decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Donowa v. U.S. Attorney General*, 735 F.3d 1275 (11th Cir. 2013), (2) he was entitled to relief under the 2013 decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and (3) his counsel was ineffective for failing to object to the use of Petitioner's prior convictions for application of the ACCA. Thus, it appeared that Petitioner's motion was untimely under § 2255(f)(1). The Court issued an order to show cause, directing Petitioner to address why his motion should not be dismissed as time-barred. Petitioner filed a response on April 18, 2016. (CV Doc. 3).

## **DISCUSSION**

As a preliminary matter, Petitioner's claim of ineffective assistance of counsel, filed almost four years after Petitioner's judgment of conviction became final, is untimely, and Petitioner has presented no meritorious argument as to why this claim should be considered timely filed. This claim should be dismissed as time-barred.

Petitioner appears to argue in his response to the Court's order to show cause that his remaining claims should be considered timely under § 2255(f)(3). (CV Doc. 3). Section 2255(f)(3) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

*Descamps*, *Donowa*, and *Alleyne* were decided on June 20, 2013, November 7, 2013, and June 17, 2013, respectively. Even if Petitioner were entitled to relief under those decisions pursuant to § 2255(f)(3), his motion, filed on March 15, 2016, remains untimely because it was filed more than a year after any of those decisions were rendered.

Additionally, although *Descamps* and *Alleyne* were Supreme Court decisions rendered after Petitioner's judgment, neither *Descamps* nor *Alleyne* provides a basis for a timely filing under § 2255(f)(3). *Descamps* did not involve a newly recognized right. Rather, the Supreme Court merely clarified the law regarding how to determine whether a prior conviction is a violent felony. *Descamps*, 133 S. Ct. at 2281-82. More important, neither *Descamps* nor *Alleyne* have been declared retroactive on collateral review. *See Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285-86 (11th Cir. 2014) (holding that "*Alleyne* does not apply retroactively on collateral review"); *Wilson v. Warden FCC Coleman*, 581 F. App'x 750, (11th Cir. 2014) (noting that the Supreme Court has not expressly declared *Descamps* to be retroactive to cases on collateral review, that *Descamps* was decided in the context of a direct appeal, and that the Supreme Court has not since applied it to a case on collateral review).

3

*Donowa*, on the other hand, is a decision by the Eleventh Circuit, which does not have the power to make a new right retroactively applicable to a motion filed pursuant to § 2255. Thus, *Donowa* would not provide a basis for filing a § 2255 motion under § 2255(f)(3).

Because *Descamps*, *Alleyne*, and *Donowa* do not provide a basis for a timely motion under § 2255(f)(3), Petitioner's motion is untimely and must be dismissed.[1]

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1  Petitioner Hector Meza Jr.'s Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (CV Doc. 1) is DISMISSED as time-barred.

2.  The Clerk is directed to terminate from pending status the motion to vacate found at Doc. 31 in the underlying criminal case, case number 8:11-cr-441-T-30AEP.

3.  The Clerk is directed to terminate any pending motions and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . .

---

[1] Petitioner cites the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), as a basis for finding his motion timely. (CV Doc. 3). In *Johnson*, the Supreme Court held that the residual clause of the ACCA, § 924(e)(2)(B)(ii), defining a violent felony as a crime "involv[ing] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563. *Johnson* had no effect on the remaining portions of the ACCA; it only invalidated the residual clause. *Johnson* is inapplicable to Petitioner, who was sentenced under the ACCA pursuant to prior convictions for serious drug offenses.

only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 28th day of April, 2016.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record